REBECCA G. WHITTIER vs. HENRY WOODWARD, Administrator on the estate of EZRA KEMPTON, deceased.

Kennebec.   Opinion April 12, 1880.

*Administrator.   Waiver of presentment of claim and demand of payment.*
*Statute of limitations.   Stat. 1872, c. 85, § 12.*

The filing of the petition in probate court by the administrator for the appointment of commissioners on the ground that he deemed a claim against the estate, exorbitant, unjust and illegal was an admission or waiver by him of a presentation in writing of the claim and demand of payment within two years after notice of his appointment as required by statute.

A claim against the estate of a deceased person, not asserted within two years and six months after notice of the appointment of the administrator, is barred by stat. 1872, c. 85, § 12.

The defendant filed his petition in the probate court for the appointment of commissioners, under the statute, within two years and six months after he had given notice of his appointment as administrator; no action was taken thereon and no notice was given the plaintiff. After the two years and six months had elapsed, the plaintiff accepted notice, agreed to the appointment of commissioners, who were appointed and acted on the claim, disallowing it.   *Held,* these proceedings did not deprive the defendant of the right to plead the statute of limitation.   There was neither a waiver by him of the limitation, nor a new promise to pay the claim.

ON REPORT.

An action for money had and received, bought under the statute on an appeal from the report disallowing the claim by commissioners, appointed by the judge of probate to examine disputed claims against the estate of Ezra Kempton.   The writ was dated September 28, 1877.   Plea, general issue and brief statement of no notice to the administrator as required by the statute, and statute of limitation.

The case was reported for the decision of the law court on so much of the evidence as is legally admissible, the court to render such judgment as the case require.   The facts sufficiently appear in the opinion.

*Bean & Bean*, for the plaintiff.

Stat. 1872, c. 85, § 12, relates to the remedy and is to be construed liberally.   An administrator may waive the statute of

limitation, and revive and renew an outlawed debt. The defendant here waived a strict compliance of the stat. 1872, c. 85. *Oakes* v. *Mitchell, Adm'r*, 15 Maine, 360 ; *Bunker* v. *Athearn, Adm'r*, 35 Maine, 364 ; *Blackington* v. *Rockland*, 66 Maine, 332 ; *Baxter, Adm'r*, v. *Penniman*, 8 Mass. 133 ; *Emerson* v. *Thompson et al.* 16 Mass. 429 ; *Mitchell* v. *Dockray, Ex'r*, 63 Maine, 82.

The limitation in the stat. 1872, relates only to actions brought directly against the administrator. It does not relate to this action, which is only one of the steps (and not the first,) necessary to prosecute an appeal from probate court. *Heald, Adm'r*, v. *Heald*, 5 Maine, 387 ; *Dillingham* v. *Weston, Adm'r*, 21 Maine, 263 ; *McNally* v. *Kerswell*, 37 Maine, 550 ; *Greene, Adm'r*, v. *Dyer*, 32 Maine, 460 ; *Palmer* v. *Palmer, Ex'r*, 61 Maine, 236 ; *Hall* v. *Merrill*, 67 Maine, 112 ; *Guild et al.* v. *Hall, Ex'r*, 15 Mass. 455 ; *Paine, Judge*, v. *Nichols, Adm'r*, 15 Mass. 264 ; *Johnson* v. *Ames*, 6 Pick. 330. Counsel further cited : R. S., c. 64, and c. 66, § § 5, 15 ; *Goff* v. *Kellogg, Ex'r*, 18 Pick. 256 ; *Ellsworth* v. *Thayer, Adm'r*, 4 Pick. 122.

*Pillsbury & Potter* and *W. R. White*, for the defendant.

LIBBEY, J. The defendant is administrator of the estate of Ezra Kempton, deceased, and gave notice of his appointment December 31, 1874. The claim in suit is for money collected by Kempton as attorney for the plaintiff.

By his pleadings the defendant sets up two grounds of defence to the plaintiff's right to maintain her action.

I. He says the plaintiff did not present to him the claim in writing, and demand payment within two years from the time he gave notice of his appointment.

II. He says the action was not commenced within two years and six months after he gave said notice.

As to the first question the parties are . at issue whether the claim was duly presented in writing by the plaintiff, and their testimony is directly in conflict. We do not deem it material to determine which should be believed, as we think the petition of the defendant for the appointment of commissioners to determine

the validity of the claim was an admission, or waiver, of a presentation and demand.    *Mitchell* v. *Dockray*, 63 Maine, 82.

But we think the second ground of defence well founded.    By act of 1872, c. 85, § 12, no action against an executor or administrator shall be maintained on a claim demanded as therein required, unless commenced during two years after giving notice of his appointment, or within six months next following.    This action was not commenced within two years and six months from giving the notice, but it is contended in behalf of the plaintiff that the statute limitation does not apply to this action because it is a continuation of the statute process, commenced by the defendant within the two years and six months.    The defendant filed his petition for the appointment of commissioners in March, 1877, but no notice was ordered upon it, and none appears to have been given to the plaintiff.    On the 23d day of July, 1877, she acknowledged notice, and agreed to the appointment of commissioners.    She then first became a party to the process, and up to that time had a right to commence her action.    She did nothing to assert her claim by action, or the statute process, till more than two years and six months after the defendant gave notice of his appointment.    Her right of action had then become barred.    The fact that afterwards the plaintiff's claim was committed to commissioners by the probate court, under the statute, on the defendant's petition on the ground that he deemed it unjust and illegal, does not deprive him of his right to plead the limitation.    It was neither a waiver, on his part, of the limitation, nor a new promise to pay the claim.    *Oakes* v. *Mitchell*, 15 Maine, 360 ; *Bunker* v. *Athearn*, 35 Maine, 364.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.